UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **SCOTT RALPH WHEELOCK,** | § | |
| **TDCJ No. 02270570,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. SA-22-CA-0310-XR** |
| | § | |
| **BOBBY LUMPKIN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| **Respondent.** | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Petitioner Scott Ralph Wheelock's Petition for Writ of Habeas Corpus

pursuant to 28 U.S.C. § 2254 (ECF No. 1) wherein Petitioner challenges the constitutionality of

his 2019 state court conviction for driving while intoxicated. Also before the Court are Petitioner's

supplemental petition (ECF No. 5), Respondent Bobby Lumpkin's Answer (ECF No. 15), and

Petitioner's Reply (ECF No. 19) thereto.[1]

Having reviewed the record and pleadings submitted by both parties, the Court concludes

Petitioner is not entitled to relief under the standards prescribed by the Antiterrorism and Effective

Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2254(d). Petitioner is also denied a

certificate of appealability.

## I. **Background**

In March 2019, Petitioner plead guilty to one count of driving while intoxicated, a charge

that was enhanced to a first-degree felony due to Petitioner being a habitual offender. (ECF

---

[1] The Court has also considered the numerous advisories and supplemental briefs filed by Petitioner in support of his § 2254 petition. (ECF Nos. 10, 13, 17, 19, 20, 25, 27, 28, 29, 30, 31, and 32).

No. 16-1 at 49-52).  Following a separate punishment hearing, the trial court sentenced Petitioner to sixty years of imprisonment.  *State v. Wheelock*, No. B18-291 (198th Dist. Ct., Kerr Cnty., Tex. June 26, 2019); (ECF No. 16-2 at 4-5 (Judgment)).  The Texas Fourth Court of Appeals affirmed Petitioner's conviction in an unpublished opinion on direct appeal.  *Wheelock v. State*, No. 04-19-00466-CR, 2020 WL 5646474 (Tex. App.—San Antonio, Sept. 23, 2020); (ECF No. 16-30).  Petitioner did not file a petition for discretionary review with the Texas Court of Criminal Appeals.[2]

Instead, Petitioner challenged the constitutionality of his conviction by filing an application for state habeas corpus relief.  *Ex parte Wheelock*, No. 46,468-04 (Tex. Crim. App.); (ECF No. 16-56 at 15-69).  The Texas Court of Criminal Appeals eventually denied the application without written order on January 12, 2022.  (ECF No. 16-46).  Two months later, Petitioner initiated the instant proceedings by filing a petition for federal habeas relief raising thirteen grounds for relief, which he later supplemented with an additional three grounds for relief. (ECF Nos. 1, 5).

## II.  Petitioner's Allegations

In his original federal petition (ECF No. 1) and supplement (ECF No. 5), Petitioner set forth the following claims for relief:

1.     No exigent circumstances supported his warrantless arrest and subsequent blood draw;

2.     His motion to suppress was improperly ignored by the trial court even though evidence was obtained in violation of his constitutional rights;

3.     His conviction was improperly enhanced by use of a previous conviction (cause No. B05-478) that was incorrectly listed as a second-degree offense;

---

[2]     *See* http://www.research.txcourts.gov, search for "Wheelock, Scott" last visited May 26, 2023.

2

4.     The previous conviction used for enhancement purposes (cause No. B05-478) violated double jeopardy principles, the Speedy Trial Act, and the Texas Constitution;

5.     The warrantless blood draw violated his Fourth Amendment rights, but the trial court ignored his motion to suppress;

6.     His guilty plea was involuntary because the State used the existence of another charge for failure to appear (cause No. B18-539) to coerce him to plead guilty;

7.     He was not present for pre-trial hearings nor given ten days to respond to the State's motions in violation of his due process rights;

8.     His first attorney reached a plea agreement for twenty-five years before he died, and it is uncertain whether this plea agreement was rejected;

9.     He was informed there would be a trial in three days if he did not accept the current plea deal;

10.    His second attorney provided ineffective assistance by failing to mount a defense, attempt to suppress evidence, or to litigate outstanding motions filed either *pro se* or by his first attorney;

11.    The trial court did not appoint an appellate attorney or have trial counsel withdraw until four or five months after sentencing;

12.    The trial judge should have recused himself because he had previously encountered the Petitioner while he was the County Attorney;

13.    The prosecution committed misconduct by ignoring his objections and request for an evidentiary hearing despite knowing that the warrantless arrest and blood draw were illegal;

14.    The trial court failed to state that the enhancement allegations were "true" at the punishment phase;

15.    He was not warned of his right to remain silent at the punishment phase; and

16.    His due process rights were violated by (a) the appointment of an alternate trial counsel, (b) his absence at any pre-trial meetings, (c) the failure to appoint appellate counsel prior to the end of his sentencing, and (d) the lack of a hearing on his warrantless arrest.

3

### III. __Standard of Review__

Petitioner's federal habeas petition is governed by the heightened standard of review provided by the AEDPA. 28 U.S.C.A. § 2254. Under § 2254(d), a petitioner may not obtain federal habeas corpus relief on any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Brown v. Payton*, 544 U.S. 133, 141 (2005). This intentionally difficult standard stops just short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)).

A federal habeas court's inquiry into unreasonableness should always be objective rather than subjective, with a focus on whether the state court's application of clearly established federal law was "objectively unreasonable" and not whether it was incorrect or erroneous. *McDaniel v. Brown*, 558 U.S. 120 (2010); *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003). Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable, regardless of whether the federal habeas court would have reached a different conclusion itself. *Richter*, 562 U.S. at 102. Instead, a petitioner must show that the decision was objectively unreasonable, which is a "substantially higher threshold." *Schriro v. Landrigan,* 550 U.S. 465, 473 (2007); *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003). So long as "fairminded jurists could disagree" on the correctness of the state court's decision, a state court's determination that a claim lacks merit

4

precludes federal habeas relief. *Richter*, 562 U.S. at 101 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In other words, to obtain federal habeas relief on a claim previously adjudicated on the merits in state court, Petitioner must show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 103; *see also Bobby v. Dixon*, 565 U.S. 23, 24 (2011).

## IV. <u>Analysis</u>

### A.   <u>Exhaustion and Procedural Default</u> **(Claims 6, 7, 12, and 13)**

In his federal petition and supplement, Petitioner raises numerous vague and overlapping allegations concerning his guilty plea and subsequent sixty-year sentence. (ECF Nos. 1, 5). While it appears Petitioner raised most of these allegations during his state habeas corpus proceedings, the fragmented nature of Petitioner's state and federal court pleadings made it difficult to determine whether each of the instant allegations had been properly adjudicated in the state court prior to being raised in his federal petition. After careful consideration of the record and pleadings provided by both parties, the Court concludes that four of Petitioner's allegations (Claims 6, 7, 12, and 13) are unexhausted and procedurally barred from federal habeas corpus relief.

#### 1.   <u>Exhaustion</u>

Before seeking review in federal court, a habeas corpus petitioner must first present his claims in state court and exhaust all state court remedies through proper adjudication on the merits. *See* 28 U.S.C. § 2254(b)(1)(A) (stating that habeas corpus relief may not be granted "unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State."). The exhaustion requirement is satisfied if the substance of the federal habeas claim was presented

to the highest state court in a procedurally proper manner.  *Baldwin v. Reese*, 541 U.S. 27, 29-32 (2004); *Moore v. Cain*, 298 F.3d 361, 364 (5th Cir. 2002).  In Texas, the highest state court for criminal matters is the Texas Court of Criminal Appeals, and a prisoner must present the substance of his claims to the Texas Court of Criminal Appeals in either a petition for discretionary review (PDR) or an application for writ of habeas corpus under Texas Code of Criminal Procedure Article 11.07.  *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998); *Bautista v. McCotter,* 793 F.2d 109, 110 (5th Cir. 1986).

In the instant case, Petitioner did not file a PDR on direct appeal of his judgment and conviction; thus, for purposes of exhausting his state court remedies, it was necessary that Petitioner present all of the claims presented in this federal petition to the state court via the procedure provided in Article 11.07.  While Petitioner did appear to raise most of the instant allegations in his Article 11.07 application to the state trial court, he failed to raise the four allegations in question—Claims 6, 7, 12, and 13.  Because these allegations are being presented for the first time in this federal habeas proceeding, they are unexhausted under § 2254(b).

    2.   <u>Procedural Default</u>

Should this Court now require Petitioner to return to state court to satisfy the exhaustion requirement, the Texas Court of Criminal Appeals would find the claims procedurally barred under the abuse of the writ doctrine found in Article 11.07 § 4 of the Texas Code of Criminal Procedure since Petitioner already challenged his conviction in a previous state habeas application.  Because Texas would likely bar another habeas corpus application by Petitioner regarding this conviction, he has committed a procedural default that is sufficient to bar federal habeas corpus review.  *See Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997) (finding a procedural default occurs "when

a prisoner fails to exhaust available state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.") (citation and internal quotation marks omitted); *see also Bagwell v. Dretke*, 372 F.3d 748, 755-56 (5th Cir. 2004) (holding a petitioner procedurally defaulted by failing to "fairly present" a claim to the state courts in his state habeas corpus application); *Smith v. Cockrell*, 311 F.3d 661, 684 (5th Cir. 2002) (holding unexhausted claims were procedurally barred).

Consequently, Petitioner is precluded from federal habeas relief on Claims 6, 7, 12, and 13 unless he can show cause for the default and resulting prejudice, or demonstrate that the Court's failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Busby v. Dretke,* 359 F.3d 708, 718 (5th Cir. 2004).  But Petitioner does not argue that cause and prejudice should excuse the default, nor does he demonstrate that the Court's denial of the claims will result in a "fundamental miscarriage of justice."  Thus, circuit precedent compels the denial of Petitioner's unexhausted claims as procedurally defaulted.

## B.    <u>Voluntary Waiver</u> (Claims 1-5, 7-10, 13, and 16)

By entering an open plea of guilty, Petitioner judicially confessed to driving while intoxicated, acknowledged he was a habitual offender and that the range of punishment was anywhere from twenty-five years to life imprisonment, and waived his right to a jury trial.  (ECF No. 16-1 at 49-52).  Nevertheless, Petitioner now challenges the constitutionality of his guilty plea by raising numerous allegations concerning his arrest, blood draw, and subsequent pre-trial proceedings.  Because he voluntarily plead guilty to the conviction he is now challenging under

§ 2254, however, Petitioner waived the right to challenge all non-jurisdictional defects in his proceedings.  Moreover, most of these allegations—with the exception of Claims 7 and 13—were rejected by the state court during Petitioner's state habeas proceedings.  As demonstrated below, the state court's rejection of these claims was neither contrary to, nor an unreasonable application of, Supreme Court precedent.  *Richter*, 562 U.S. at 101.

      1.    <u>Petitioner's Plea Was Voluntary</u>

It is axiomatic that a guilty plea is valid only if entered voluntarily, knowingly, and intelligently, "with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005); *United States v. Hernandez*, 234 F.3d 252, 254 (5th Cir. 2000).  A plea is intelligently made when the defendant has "real notice of the true nature of the charge against him."  *Bousley v. United States*, 523 U.S. 614, 618 (1998) (internal quotation marks omitted).  And a plea is "voluntary" if it does not result from force, threats, improper promises, misrepresentations, or coercion.  *United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997).  The longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.  *Hill v. Lockhart*, 474 U.S. 52, 56 (1985); *United States v. Juarez*, 672 F.3d 381, 385 (5th Cir. 2012).

The record in this case indicates Petitioner's plea was a voluntary and intelligent choice and not the result of any misrepresentation.  Petitioner signed a document entitled "DEFENDANT'S PLEA OF GUILTY, WAIVERS AND ADMONISHMENTS" wherein he stipulated to the evidence against him and judicially confessed to committing the charged offense. (ECF No. 16-1 49-52).  The agreement also indicates Petitioner was represented by counsel, was

8

mentally competent and understood the nature of the charges in the indictment and the range of

potential punishment, and entered the plea freely and voluntarily. *Id*. Counsel for Petitioner also

signed the agreement, stating that he discussed with Petitioner the rights he was waiving and

indicating his belief that Petitioner understood those rights and the consequences of the plea. *Id*.

at 52. The trial judge then gave his approval of the agreement, concluding:

> It clearly appearing to the Court that the defendant is mentally competent and is
> represented by competent counsel and that said defendant understands the nature
> of the charge against him/her; that he/she has been admonished by the Court
> including the minimum and maximum punishment provided by law and that the
> defendant fully understands the admonitions of the Court and is fully aware of the
> consequences of his/her plea; that the attorney for the defendant and the State
> consent and approve the waiver of a trial by jury and agree to stipulate the testimony
> in this case; the Court, therefore, finds such plea of guilty, waiver and consent to
> be voluntarily made, and the Court accepts the plea of Guilty and approves the
> waiver of a jury herein and the consent to stipulate testimony.

*Id*.

In addition, the voluntariness of Petitioner's plea is also demonstrated by Petitioner's

appearance before the trial court. (ECF No. 16-24). Petitioner was again admonished of the

offense he was charged with and the applicable punishment range and stated on the record that he

understood both. *Id*. at 5-8. Petitioner also indicated that he discussed the plea agreement with

his attorney and that he was satisfied with his counsel's representation. *Id*. at 9-10. Counsel

indicated his belief that Petitioner was competent and capable of assisting in his defense. *Id*. at 8.


Petitioner's formal declarations in open court carry "a strong presumption of verity" and

constitute a formidable barrier to any subsequent collateral attack. *United States v. Kayode*, 777

F.3d 719, 729 (5th Cir. 2014) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Petitioner's

signature on the guilty plea documents is also *prima facie* proof of the validity of the pleas and is

entitled to "great evidentiary weight." *Theriot v. Whitley*, 18 F.3d 311, 314 (5th Cir. 1994); *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (citing *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985)).   Because Petitioner has not provided any evidence or argument that would overcome these "strong presumptions of verity," this Court denies any allegation made by Petitioner concerning the validity of his guilty plea.  *Blackledge*, 431 U.S. at 74 (finding "[t]he subsequent presentation of conclusory allegations which are unsupported by specifics is subject to summary dismissal.").

2.    Claims Waived by the Guilty Plea

By entering a knowing, intelligent, and voluntary guilty plea, a defendant waives all non-jurisdictional defects preceding the plea.  *Tollett v. Henderson*, 411 U.S. 258, 265 (1973); *United States v. Scruggs*, 714 F.3d 258, 261-62 (5th Cir. 2013).   This rule encompasses errors of constitutional dimension that do not affect the voluntariness of the plea, such as claims concerning defects in the indictment, governmental misconduct, due process violations, and objections to searches and seizures that violate the Fourth Amendment.  *United States v. Cothran*, 302 F.3d 279, 283-86 (5th Cir. 2002) (citations omitted); *Murray v. Collins*, 981 F.2d 1255 (5th Cir. 1992) (*per curiam*) (holding guilty plea waived prosecutorial misconduct and due process claims); *Franklin v. United States*, 589 F.2d 192, 194-95 (5th Cir. 1979) ("Franklin's claims regarding *Miranda* warnings, coerced confessions, perjury, and illegal searches and seizures are not jurisdictional in nature and thus do not require our consideration.").   The rule also includes ineffective-assistance-of-counsel (IAC) claims unless the alleged ineffectiveness relates to the voluntariness of the guilty plea.  *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000) (waiving claims of ineffective assistance, except for claims related to voluntariness of plea); *Smith v. Estelle*, 711 F.2d 677, 682

10

(5th Cir. 1983) (same).  As such, the only claims that survive a guilty plea are those implicating the validity of the plea itself.  *Tollett*, 411 U.S. at 267; *Glinsey*, 209 F.3d at 392.

Here, Petitioner claims that his conviction was unconstitutional because it was the result of an illegal arrest and blood draw (Claims 1, 2, and 5), a defective indictment (Claims 3, 4), pre-trial due process violations (Claims 7, 8, 9, and 16), and misconduct committed by the prosecution (Claim 13).  He also faults his trial counsel for failing to mount a defense or litigate the numerous pre-trial motions he filed *pro se* (Claim 10).  But Petitioner fails to provide any relevant argument that such claims are jurisdictional, much less demonstrate how the alleged violations somehow relate to the voluntariness of his guilty plea.  Accordingly, Petitioner's claims are waived by his knowing, voluntary, and intelligent guilty plea.  *Cothran*, 302 F.3d at 283-86 (finding a valid guilty plea waives claims of governmental misconduct, defects in the indictment, and Fourth Amendment search-and-seizure violations); *Smith*, 711 F.2d at 682 (finding IAC claims for failure to find flaws in the prosecution's case or challenge the legality of his arrest were non-jurisdictional and waived by a valid guilty plea).

## C.   <u>The Remaining IAC Claim</u> (Claim 10)

Petitioner does make one allegation that, if successful, may implicate the voluntariness of his guilty plea:  that trial counsel did not even attempt to suppress illegally-obtained evidence in a motion to suppress (Claim 10).  As discussed below, assuming the claim was not waived by the guilty plea, it still does not warrant federal habeas relief.

### 1.   <u>The *Strickland* Standard</u>

Sixth Amendment claims concerning the alleged ineffective assistance of trial counsel are reviewed under the familiar two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984).  Under *Strickland*, a petitioner cannot establish a violation of his Sixth Amendment right to counsel unless he demonstrates both that (1) counsel's performance was deficient, and (2) this deficiency prejudiced his defense.  466 U.S. at 687-88, 690.  According to the Supreme Court, "[s]urmounting *Strickland*'s high bar is never an easy task."  *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

To establish counsel's performance was deficient, a petitioner must first show his counsel's performance fell below "an objective standard of reasonableness."  *Id.* at 688-89.  When determining whether counsel performed deficiently, courts must be highly deferential to counsel's conduct, and counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  *Burt v. Titlow*, 571 U.S. 12, 22 (2013) (quoting *Strickland*, 466 U.S. at 690).

To demonstrate prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694.  But, in the context of a guilty plea, proving *Strickland*'s prejudice requirement turns "on whether counsel's constitutionally ineffective performance affected the outcome of the plea process."  *Hill*, 474 U.S at 59.  This means, "in a guilty plea scenario, a petitioner must prove not only that his attorney actually erred, but also that he would not have pled guilty but for the error" and, instead, "would have insisted upon going to trial."  *Armstead v. Scott*, 37 F.3d at 206 (citations omitted).  This assessment will turn partially on "a prediction of what the outcome of a trial might have been."  *Id*.

12

2.   <u>Failure to Suppress</u>

Petitioner asserts that his trial counsel rendered ineffective assistance by failing to suppress evidence of the State's warrantless blood draw.  Again, a valid guilty plea waives all non-jurisdictional defects—including an IAC claim—unless the IAC claim goes to the voluntariness of the plea.  *Smith*, 711 F.2d at 682.  But the Fifth Circuit has treated allegations of counsel's failure to investigate viable grounds for suppressing evidence, as challenges to the validity of a guilty plea. *See, e.g., United States v. Shepherd*, 880 F.3d 734, 741-46 (5th Cir. 2018) (finding counsel's failure to investigate exculpatory evidence affected voluntariness of plea).  Thus, the Court considers Petitioner's IAC claim to the extent it may implicate the voluntariness of his plea. *Hill*, 474 U.S. at 56 (citing *Tollett*, 411 U.S. at 267).

Here, Petitioner appears to assert that his plea was involuntary because counsel failed to subject the State's blood-draw evidence to meaningful adversarial testing.  According to Petitioner, the failure to adequately challenge the blood-draw evidence forfeited a viable Fourth Amendment claim and led counsel to incorrectly advise Petitioner to plead guilty.  Petitioner raised this allegation during his state habeas proceedings.  In response, trial counsel submitted an affidavit wherein he addressed Petitioner's allegation:

> [Petitioner] complains that I did not challenge a warrantless blood draw in his case.  [Petitioner] fails to mention that he signed a written consent form permitting the blood draw in question.  I saw nothing in the evidence to suggest that same was acquired in any way other than is appropriate under the law.  I discussed this issue with [Petitioner] as part of my representation and at the time he agreed with my assessment of the facts.

> *   *   *

> Regarding [Petitioner]'s assertion that I was deficient in failing to file a Motion to Suppress:  I found no reasonable basis for asserting a claim that any of the evidence in the case was obtained by the State in such a manner as to raise an issue as to

13

lawfulness of its acquisition.   All concerns regarding same were thoroughly explored with [Petitioner] prior to his plea in the case.  He expressed his agreement with my assessment.

 (ECF No. 16-54 at 6-7).

The state habeas trial court found trial counsel's affidavit to be credible and concluded that counsel "was not ineffective for failing to file a motion to suppress" and that counsel's performance "did not fall below an objective standard of reasonableness." *Id*. at 9-10.  These findings and conclusions were adopted by the Texas Court of Criminal Appeals when it denied Petitioner's state habeas application.  (ECF No. 16-46).  These determinations, including the trial court's credibility findings, are entitled to a presumption of correctness unless they lack fair support in the record. *Demosthenes v. Baal*, 495 U.S. 731, 735 (1990); *Miller v. Thaler*, 714 F.3d 897, 903 (5th Cir. 2013).

Petitioner fails to show that the state court's ruling on trial counsel's performance was contrary to, or involved an unreasonable application of *Strickland* or that it was an unreasonable determination of the facts based on the evidence in the record. *Strickland* requires counsel to undertake a reasonable investigation.  466 U.S. at 690-91; *Charles v. Stephens*, 736 F.3d 380, 389 (5th Cir. 2013).   Counsel must, at minimum, interview potential witnesses and make an independent investigation of the facts and circumstances of the case. *Kately v. Cain*, 704 F.3d 356, 361 (5th Cir. 2013).  But in assessing the reasonableness of counsel's investigation, a heavy measure of deference is applied to counsel's judgments, and is weighed in light of the defendant's own statements and actions. *Strickland*, 466 U.S. at 691.

In this case, trial counsel's affidavit explained that counsel reviewed the evidence and found no reasonable basis for challenging the blood draw, particularly in light of the fact that

14

Petitioner signed a written consent form consenting to the draw.  Counsel contends that Petitioner agreed with this assessment prior to pleading guilty, and the record supports this assertion.  (ECF No. 16-24 at 10) (Petitioner agreeing with counsel to withdraw his numerous *pro se* motions, including a motion to suppress).  While Petitioner contends that the blood-draw evidence was inadmissible, he provides no valid evidence or argument to support this conclusion.  Thus, any objection by counsel would likely have been futile, and counsel's performance cannot be considered deficient or prejudicial for failing to raise a non-meritorious argument.  *See Miller v. Thaler*, 714 F.3d 897, 904 n.6 (5th Cir. 2013) (counsel is not required to make futile motions or objections); *Roberts v. Thaler*, 681 F.3d 597, 612 (5th Cir. 2012) ("the failure to lodge futile objections does not qualify as ineffective assistance") (quoting *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990)).

Regardless, even assuming counsel was deficient, Petitioner still cannot show he would not have pleaded guilty and would have instead insisted on going to trial but for counsel's error. *Armstead*, 37 F.3d at 206.  Again, such an assessment will turn partially on "a prediction of what the outcome of a trial might have been." *Id*.  The record is silent as to whether Petitioner would have made the decision to plead not guilty and go to trial had counsel done more to exclude the results of the blood draw.  But as counsel points out in his affidavit, any such argument dismisses the fact that Petitioner consented to blood draw in question.  Further, the record of Petitioner's open plea to the court indicates he understood the charges against him and the range of punishment, admitted he committed the charged offense, was satisfied with the advice of counsel, and agreed to withdraw all of his pre-trial motions.  (ECF No. 16-24).   Thus, based on the record before the Court, it appears unlikely Petitioner would have chosen to go to trial.

In light of the record evidence supporting the voluntariness of his guilty plea, in addition to the fact Petitioner failed to prove counsel's performance was deficient or his plea was involuntary due to ineffective assistance of counsel, this Court must find Petitioner entered into his plea voluntarily, knowingly, and intelligently.  Moreover, Petitioner completely failed to prove that, but for his attorney's actions, he would have chosen to proceed to trial.  Petitioner has therefore failed to establish a valid IAC claim.  *Hill*, 474 U.S. at 58.  Consequently, given the deference afforded state court determinations on federal habeas review, relief is denied.  *Richter*, 562 U.S. at 103.

**D.**   **The Fourth Amendment Claims (Claims 1, 2, and 5).**

In three of Petitioner's allegations, he challenges the constitutionality of his warrantless arrest and blood draw, as well as the trial court's failure to address his *pro se* motion to suppress. These allegations do not raise a cognizable federal constitutional issue because they challenge the trial court's failure to suppress evidence obtained in an allegedly illegal search.  *See Stone v. Powell*, 428 U.S. 465, 494 (1976) (barring federal habeas relief on Fourth Amendment allegations).  Under *Stone*, if the State has provided "an opportunity for full and fair litigation of a Fourth Amendment claim," federal habeas corpus relief may not be granted to a state prisoner on that claim.  *Id*.  Indeed, if the State provides the necessary processes to raise a Fourth Amendment claim, *Stone* bars federal habeas consideration of that claim whether or not the defendant employs those processes.  *Register v. Thaler*, 681 F.3d 623, 628 (5th Cir. 2012); *Shislnday v. Quarterman*, 511 F.3d 514, 524 (5th Cir. 2007).  The *Stone* bar "applies to all claims arising under the Fourth Amendment," including challenges to an arrest or the seizure of evidence.  *Hughes v. Dretke*, 412 F.3d 582, 596 (5th Cir. 2005).

The State of Texas does have a process that allows defendants to litigate Fourth Amendment claims at the trial level and on direct appeal.  *Register*, 681 F.3d at 628.  And Petitioner raised his Fourth Amendment claims at both the trial level (through a motion to suppress that he later waived) and on direct appeal.  (ECF Nos. 16-24 at 10, 16-30).  Petitioner also raised these same allegations during his state habeas proceedings.  (ECF No. 16-56).  He makes no argument that his opportunities in the state courts to challenge the admissibility of evidence under the Fourth Amendment was circumscribed in any way, nor has he alleged "the processes provided by the state to fully and fairly litigate Fourth Amendment claims are routinely or systematically applied in such a way as to prevent the actual litigation of Fourth Amendment claims on their merits."  *Williams v. Brown*, 609 F.2d 216, 220 (5th Cir. 1980).  Consequently, his allegations, in addition to being waived by the guilty plea, are barred from federal habeas review.

**E.**     **Trial Court Error (Claims 11, 12, 14, 15)**

Lastly, Petitioner contends that the trial court committed several errors during the course of his guilty plea and sentencing proceedings.  Specifically, Petitioner fault the trial court for failing to: (1) timely appoint appellate counsel, (2) recuse himself, (3) state on the record at the punishment hearing that the enhancement allegations were "true," and (4) reiterate Petitioner's right to remain silent at the punishment hearing.  With the exception of the recusal allegation (Claim 12), each of these allegations were raised during Petitioner's state habeas proceedings and rejected by the Texas Court of Criminal Appeals.  As discussed below, Petitioner fails to demonstrate the state court's rejection of these allegations was either contrary to, or unreasonable application of, Supreme Court precedent.

1.     Appoint Appellate Counsel (Claims 11, 16(c))

17

Petitioner contends that the trial court did not appoint an appellate attorney or have trial counsel withdraw until four or five months after his sentencing proceeding.   According to Petitioner, this prevented him from questioning the admission of a pre-sentence investigation or the results of the blood draw at the conclusion of sentencing.  Petitioner's allegation is refuted by the record.

Following his June 2019 sentencing hearing, Petitioner filed a *pro se* notice of appeal.  (ECF No. 16-1 at 74).  The Fourth Court of Appeals abated the appeal and remanded to the trial court to determine whether Petitioner desired to proceed *pro se* or, if not, to appoint appellate counsel.  On November 22, 2019, the trial court held a hearing at which it repeatedly advised Petitioner of the dangers of representing himself *pro se* on appeal.  (ECF No. 16-25).  Petitioner understood these dangers, but was adamant in representing himself on appeal.  *Id*.  Thus, no appellate counsel was appointed to represent Petitioner.  Instead, Petitioner represented himself on appeal, filing a 50-page brief raising 11 grounds for relief.  (ECF No. 16-27).

As shown by the record, Petitioner clearly chose to represent himself on appeal and was not denied the appointment of appellate counsel by the trial court.  In Texas, a criminal defendant may decline appointed counsel and elect to represent himself on appeal.  *See Collier v. State*, 959 S.W.2d 621, 625 (Tex. Crim. App. 1997).  To the extent he argues that the court should have appointed appellate counsel before the end of his punishment proceeding, he fails to show that he is entitled to such appointment or that he was prejudiced as a result.  Indeed, despite proclaiming his desire to challenge the admission of a pre-sentence investigation or the results of the blood draw at the conclusion of his sentencing hearing, Petitioner did not even raise these allegations in

his direct appeal brief.  (ECF No. 16-27).  Consequently, he fails to demonstrate that the state

court's rejection of this allegation during his state habeas proceeding was unreasonable.

    2.    <u>Recusal</u> (Claim 12)

Petitioner next contends that the trial judge erred by not recusing himself from presiding

over Petitioner's trial.  According to Petitioner, the trial judge's impartiality "might reasonably be

questioned" because he had previously encountered Petitioner while he was the County Attorney.

As discussed previously in Section IV(A), *supra*, this allegation was not raised in state court by

Petitioner either on direct appeal or during his state habeas proceedings and is therefore procedural

barred from federal habeas relief.  Nevertheless, out of an abundance of caution, the Court has

reviewed the claim *de novo* and determined that the claim lacks merit.

The Due Process Clause guarantees the right to a fair trial, "before a judge with no actual

bias against the defendant or interest in the outcome of his particular case."  *Richardson v.*

*Quarterman*, 537 F.3d 466, 474 (5th Cir. 2008) (quoting *Bracy v. Gramley*, 520 U.S. 899, 905

(1997)).  Yet bias is not "lightly established," and "general allegations of bias or prejudice are

insufficient to establish a constitutional violation." *Id.* (citations omitted).  Although bias is not

presumed, due process requires recusal if a judge is shown to have an actual bias.  *Bracy*, 520 U.S.

at 909.  Similarly, recusal is required if there is an appearance of bias such that "the probability of

actual bias . . . is too high to be constitutionally tolerable."  *Buntion v. Quarterman*, 524 F.3d 664,

672 (5th Cir. 2008).  The Supreme Court has only identified three conflict-of-interest type

situations where a judge's failure to recuse constitutes this presumptive bias: (1) when the judge

"has a direct personal, substantial and pecuniary interest in the outcome of the case," (2) when he

"has been the target of personal abuse or criticism from the party before him," and (3) when he

"has the dual role of investigating and adjudicating disputes and complaints." *Id.* (quoting *Bigby v. Dretke*, 402 F.3d 551, 559 (5th Cir. 2005)).

Petitioner fails to establish an actual bias on the part of the trial court, nor has he pointed to any evidence which would lead this Court to believe a presumptive bias existed under the three criteria listed above. Instead, Petitioner vaguely alludes to judicial bias because he had previously encountered the judge in a different role. This, by itself, does not establish bias, much less show "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Petitioner's claim is therefore denied.

    3.   <u>Punishment Errors</u> (Claims 14, 15)

Finally, Petitioner contends that the trial court committed error at the punishment phase by failing to state on the record that Petitioner had a right to remain silent or that the enhancement allegations were "true." Petitioner has cited no relevant case law to support his position that the trial court must reiterate a defendant's *Miranda* rights at the start of each proceeding against him.[3] Nor has Petitioner provided any support for his contention that the trial court must utter the magic words that the enhancement allegations are "true" on the record before pronouncing a sentence. Indeed, Petitioner has made no attempt to demonstrate that a violation of his constitutional rights has occurred.

"[A]bsent evidence in the record," a court cannot "consider a habeas petitioner's bald assertions on a critical issue in his pro se petition . . . , unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ford v. Davis*, 910 F.3d 232,

---

[3]     Contrary to Petitioner's assertion, the trial court did inform Petitioner of his right to remain silent during his guilty plea hearing, which Petitioner indicated he understood. (ECF No. 16-24 at 6).

235 (5th Cir. 2018) (citing *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983)).  Petitioner's

allegations are conclusory and thus do not state a claim for federal habeas corpus relief.  *Ross*, 694

F.2d at 1011 (finding that "mere conclusory allegations do not raise a constitutional issue in a

habeas proceeding.").  As such, Petitioner has not shown that the state habeas court's resolution

of these issues was contrary to, or was an unreasonable application of, clearly established federal

law as determined by the Supreme Court.  Federal habeas corpus relief is unwarranted.

## V.  Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA).  *See*

Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-

36 (2003) (citing 28 U.S.C. § 2253(c)(1)).  A COA may issue only if a petitioner makes "a

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The Supreme

Court has explained that the showing required under § 2253(c)(2) is straightforward when a district

court has rejected a petitioner's constitutional claims on the merits:  The petitioner must

demonstrate "that reasonable jurists would find the district court's assessment of the constitutional

claims debatable or wrong."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  This requires a

petitioner to show "that reasonable jurists could debate whether the petition should have been

resolved in a different manner or that the issues presented were 'adequate to deserve

encouragement to proceed further.'"  *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on

procedural grounds.  *Id*.  In that case, the petitioner seeking COA must show both "that jurists of

reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right and that jurists of reason would find it debatable whether the district court was

21

correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack*, 529 U.S. at 484).  In other words, a COA should issue if the petitioner *not only* shows that the lower court's procedural ruling is debatable among jurists of reason*,* but also makes a substantial showing of the denial of a constitutional right.

A district court may deny a COA *sua sponte* without requiring further briefing or argument.  *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000).  For the reasons set forth above, the Court concludes that jurists of reason would not debate the conclusion that Petitioner was not entitled to federal habeas relief.  As such, a COA will not issue.

## VI.  Conclusion and Order

After careful consideration, the Court concludes that Petitioner's Claims 6, 7, 12, and 13 are unexhausted and procedurally barred from federal habeas review.  Concerning the remainder of Petitioner's allegations, Petitioner has failed to establish that the state court's rejection of the allegations on the merits during his state habeas corpus proceedings was either (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) based on an unreasonable determination of the facts in light of the evidence presented in the petitioner's state trial, appellate, and habeas corpus proceedings.  As a result, Petitioner's federal habeas corpus petition does not warrant federal habeas corpus relief.

Accordingly, based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1.      Federal habeas corpus relief is **DENIED** and Petitioner Scott Ralph Wheelock's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE**;

2.      No Certificate of Appealability shall issue in this case; and

3.      All other motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED** the 31st day of May, 2023.

_____

Xavier Rodriguez
United States District Judge